UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GROUND GAME TEXAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-189 |
| | § | |
| CITY OF EDINBURG, et al., | § | |
| *Defendant*. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)

1. **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**
   Via email exchanges and a telephone conference between Michael Siegel, counsel for Plaintiff, and Ysmael Fonseca, counsel for Defendants on August 24 and 25, 2022.

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**
   N/A

3. **Briefly describe the pertinent facts and legal theories upon which the present action is based.**
   Plaintiff filed suit for alleged constitutional violations under 42 U.S.C. § 1983 arising from the denial of an initiative petition under Article XIV of the City Charter.

4. **Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree with the allegation. If the parties disagree, indicate the nature of the disagreement.**
   Federal question jurisdiction exists under 42 U.S.C. § 1983.

5. **List any additional parties who may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of Tex. Civ. Prac. & Rem. Code § 33.004(d) and Tex. R. Civ. P. 194.2(b).**
   N/A

6. **List anticipated interventions.**
   N/A

7. **If this is a class action, describe any issues regarding certification of the class.**
   N/A

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**
   The parties agree to make initial disclosures prior to the Initial Pretrial Conference.

9. **Describe the proposed discovery plan the parties have agreed upon, including:**

   A. **Responses to the matters raised in Rule 26(f).**
      None.

   B. **When and to whom Plaintiff(s) anticipate(s) sending interrogatories.**
      To Defendant, within 15 days of the initial conference.

   C. **When and to whom Defendant(s) anticipate(s) sending interrogatories.**
      To Plaintiff, within 15 days of the initial conference.

   D. **When and from whom Plaintiff(s) anticipate(s) taking oral depositions.**
      None expected at this time.

   E. **When and from whom Defendant(s) anticipate(s) taking oral depositions.**
      None expected at this time.

   F. **When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**
      Plaintiff will be able to designate experts within 30 days, and Defendant will be able to designate experts within 60 days, if any.

   G. **List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.**
      Plaintiff has not yet made a decision concerning expert designations, but, if any are designated, Plaintiff can depose them within 90 days.

   H. **List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.**
      Defendant has not yet made a decision concerning expert designations, but, if any are designated, Defendant can depose them within 90 days.

10. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**
    N/A

11. **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**
    N/A

12. **State the date the planned discovery can reasonably be completed.**
    Friday, December 9, 2022.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**
    The parties do not expect a prompt settlement.

14. **If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trial. Indicate whether or not all parties consent to a trial before a Magistrate Judge.**
    The parties do not consent to a trial before a Magistrate Judge.

15. **State whether a jury demand has been made, and if so, whether it was made on time.**
    No.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**
    The parties estimate it will take 16 hours to present evidence at trial.

17. **List pending motion that could be ruled on at the Initial Pretrial Conference.**
    N/A

18. **List other pending motions.**
    Application for Temporary Restraining Order

19. **Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**
    Plaintiff requests that dispositive motions be considered and decided prior to February 8, 2023 to allow enough time for Plaintiff to resume electoral activities that may allow the ballot initiatives at issue in this case to be presented for inclusion in the November 2023 ballot.

20. **Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the original and any amendments to the Certificates.**
    Plaintiff will file its Certificate of Interested Parties on August 25, 2022.
    Defendant filed its Certificate of Interested Parties on August 25, 2022.

21. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.**

    Michael Siegel
    State Bar No. 24093148
    USDC No. 3761497

mike@register2vote.org
*Attorney-In-Charge*
4107 Medical Parkway, #212
Austin, TX 78756
737-615-9044

Dan Siegel
Cal. Bar No. 056400
Admitted Pro Hac Vice
danmsiegel@gmail.com
*Of Counsel*
SIEGEL, YEE, BRUNNER & MEHTA
475 l4th Street, Suite 500
Oakland, CA 94612
510-839-1200
ATTORNEYS FOR PLAINTIFF


Ysmael D. Fonseca
State Bar No. 24069726
USDC No. 1139283
yfonseca@guerrasabo.com
*Attorney-In-Charge*
Heather Scott
State Bar No. 24046809
USDC No. 575294
hscott@guerrasabo.com
*Of Counsel*
GUERRA & SABO, P.L.L.C.
10213 N. 10th Street
McAllen, Texas 78504
T: (956) 383-4300
ATTORNEYS FOR DEFENDANTS