UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| GROUP GAME TEXAS, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>CLARICE Y. BALDERAS, in her §<br>official capacity as City Secretary §<br>of the City of Edinburg; and CITY §<br>OF EDINBURG, TEXAS; §<br>§<br>Defendants. §<br>§ | Civil Action No. 7:22-cv-189 |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Ground Game Texas ("Ground Game") files this motion for attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

**I.   SUMMARY**

1. Ground Game Texas prevailed on its First Amendment claim against defendants Balderas and the City of Edinburg, Texas. Dkt. 37. Ground Game's victory vindicate fundamental First Amendment rights, including the right to petition. *See* Dkt. 36 at 21 ("the City of Edinburg's petition-committee system imposes a severe burden on speech that is not warranted by a compelling governmental interest"). Ground Game seeks reasonable attorneys' fees as the prevailing party under a civil rights claim filed pursuant to 42 U.S.C. § 1983. 42 U.S.C § 1988(b).

2. The hours and rates sought for the attorneys are reasonable. Mike Siegel's hourly rate of $425 is reasonable in light of his 12 years of experience and specific expertise in civil rights, election law, and municipal law. *See* Ex. A (Mike Siegel declaration). Ground Game does not seek

1

reimbursement for time spent by Dan Siegel, a 50-year veteran trial attorney who reviewed pleadings, supported litigation strategy, and appeared at multiple hearings. Ex. A, ¶ 13. Mike Siegel's billed time of 94.0 hours reflects efficient work habits and careful billing. As discussed below, Ground Game asks this Court to approve an award of $39,950 in attorney's fees, plus reimbursement of a $402 filing fee, for a total award of $40,352.

## II.     STATEMENT OF FACTS AND PROCEEDINGS

### A. Ground Game Sought to Resolve its First Amendment Claims Without Litigation but the City of Edinburg Declined to Reconsider its Petition Circulator Policy

3.     Upon receipt of the City Clerk's determination that the City of Edinburg would not validate Ground Game's petition for a "Living Wage" ballot measure, counsel for Ground Game attempted to confer with the Edinburg City Attorney to achieve a non-litigation resolution of the dispute. Ex. A, ¶ 15; Ex. A-1 (time sheet showing pre-litigation dispute resolution efforts). The City declined to engage in negotiations, however, which forced Ground Game to sue to vindicate its protected First Amendment rights.

### B. Ground Game Succeeded on its Sole Claim

4.     Ground Game filed a single claim under 42 U.S.C. § 1983, based upon Defendants' deprivation under color of law of Ground Game's First Amendment rights of petition. Dkt. 1 at 10. Ground Game prevailed on this claim, winning both declaratory and injunctive relief. Dkt. 36 at 21.

### C. Ground Game's Attorneys Obtained Meaningful, Substantive Results

5.     The Court's Order granting summary judgment provided important substantive relief that vindicated Ground Game's petition rights. Dkt. 36 at 21. The Court enjoined the City from enforcing its policy of limiting who may circulate an initiative petition. *Id.* The Court mandated that the City must certify Ground Game's "Living Wage" petition. *Id.* And the Court declared

unconstitutional the City policy challenged by ground Game — a city charter provision that limited who may circulate ballot petitions. *Id.*

**D. Plaintiff's Counsel Devoted Substantial Efforts to Achieve Success in this Case**

6. Counsel for Ground Game quickly sought protection for the important First Amendment interests injured by Defendants' conduct. The complaint and motion for temporary restraining order was filed on June 6, 2022, only one month after the City's initial decision to refuse the Ground Game petition. *See* Ex. A-1. Counsel immediately sought a temporary restraining order with the hope of preserving Ground Game's chance of qualifying the petition for the November 2022 ballot. The Court ultimately guided the parties toward competing motions for summary judgment that would result in a final resolution of the issues, but Mike Siegel's research and writing in support of a temporary restraining order became the foundation for successful efforts to defeat Defendants' motions for judgment on the pleadings and summary judgment and to support Plaintiff's successful motion for summary judgment. Counsel's conduct resulted in two detailed orders that clearly describe the importance of the First Amendment issues at stake as well as Ground Game's standing to protect its right to petition. *See* Dkt. 29 (Order denying motion for judgment on the pleadings); Dkt. 36 (Order granting Ground Game's motion for summary judgment).

### III. LEGAL ANALYSIS

**A. The Court Should Award Attorneys' Fees to Plaintiff**

7. When a plaintiff prevails on a claim under 42 U.S.C. § 1983, the Court is authorized to award reasonable attorneys fees and costs of court. 42 U.S.C. § 1988. Prevailing parties should recover attorney's fees under § 1988 for both their time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the underlying civil rights action, unless special circumstances would render such an award unjust. *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985). A district court's discretion to deny attorney's fees to prevailing plaintiffs under § 1988 is

"exceedingly narrow." *Grisham v. City of Fort Worth, Texas*, 837 F.3d 564, 567 (5th Cir. 2016) (citing *Cruz* and other cases).

8. In *Grisham*, the Fifth Circuit defined a "prevailing party" as one that achieves a "material alteration of the legal relationship' between the parties. 837 F.3d at 568. Here, Ground Game prevailed by obtaining an order that reversed the City of Edinburg's denial of its petition and that declared the City's policy limiting petition circulators to be unconstitutional and unenforceable. The Court's order granting summary judgment gave Ground Game a full and complete victory on its First Amendment claim. Under these circumstances, the Court should award Ground Game recovery for its attorney's fees.

**B. Plaintiff's Counsel is Entitled to Fees Based Upon the Calculation of the Lodestar**

9. The method of calculating attorneys' fees in the Fifth Circuit is well established. Courts apply a two-step method for determining a reasonable attorney's fee award. *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391-92 (5th Cir. 2016). "The court must first calculate the lodestar, which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.,* 829 F.3d at 392 (citation omitted). The court is then expected to exclude any time that is excessive, duplicative, or inadequately documented. *Id*. A court may increase or decrease the lodestar based on the twelve *Johnson* factors, but the lodestar is presumed to be reasonable. *Id.* "The most critical factor in determining a reasonable fee is the degree of success obtained." *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 418 (5th Cir. 2022).

**C. The Hourly Rates Sought by Plaintiff's Counsel are Reasonable**

10. Mike Siegel is an experienced and successful civil rights and municipal attorney, as his declaration indicates. Ex. A. His requested hourly rate of $425 is reasonable in light of prevailing rates for other civil rights attorneys in the Southern District of Texas and neighboring districts.

11. For example, in a case from eight years ago, the Western District awarded attorney's fees at $425 per hour for a similarly experienced lead civil rights counsel. *Clark v. Centene Corp.*, Case No. A-12-CA-174-SS, 2015 WL 6962894 at *8 (W.D.Tex. Nov. 10, 2015)[1].

12. The Southern District has awarded attorney's fees for similarly situated counsel at hourly rates far in excess to those requested by Ground Game's counsel. In a 2020 case, for example, the Southern District awarded a skilled nonprofit civil rights lawyer who was not lead counsel a rate of $550 per hour and cited recent Southern District decisions awarding hourly rates as high as $650 per hour. *See M.D. v. Abbott*, Slip Copy, Case No. 2:11-CV-00084, 2020 WL 3972800 at *6, 8-9 (S.D. Tex. July 14, 2020). More recently, last year the Laredo Division approved an hourly rate of $500 per hour for a nonprofit civil rights attorney who had thirteen years of experience. *Valedepena v. Nuestro Sagardo Corazon Primary Home Care, Inc.*, Slip Copy, 2022 WL 12399309 at *3 (S.D.Tex. Sept. 15, 2022). Other cases indicate that a rate of $425 per hour for a skilled civil rights attorney with twelve years of experience, like Siegel, is a reasonable rate. *See Fernandes v. Northline Enterprises, Inc.*, Slip Copy, 2022 WL 3229510 at *3 (S.D.Tex. July 25, 2022) (awarding $400 per hour for 16-year lawyer); *Ramirez v. Lewis Energy Group, L.P.*, 197 F.Supp.3d 952, 957 (S.D.Tex. 2016) (7 year-old decision awarding $350 per hour for 18-year lawyer).

13. Given the established precedent of this District, as well as similar precedent from the home district of Mike Siegel, Ground Game's request for compensation for 94.0 hours of attorney's fees at an hourly rate of $425 is reasonable and fair.

---

[1] Although this decision concerned an attorney who lived in Austin, as does Mike Siegel, this Court may use prevailing hourly rates in the home region of out-of-district counsel, instead of local forum rates, when the plaintiff shows the necessity of turning to out-of-district counsel. *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374, 382 (5th Cir. 2011). Here, given the limited funds available to Ground Game Texas, a nonprofit organization, as well as the unique combination of legal issues relating to the First Amendment and "home rule" city charters, Siegel was the best available attorney for the Plaintiff. Without Siegel's participation, Ground Game would likely have been unable to vindicate its First Amendment interests. *See* Ex. A, ¶ 12.

### D. Costs of Court Are Recoverable

14. As the Court's judgment indicates, Ground Game pay also recover its costs of Court. Ground Game seeks reimbursement for the $402 filing fee in this case.

### IV. CONCLUSION

For the reasons discussed above, the Court should grant Ground Game's motion for attorney's fees. Ground Game prevailed on its sole claim and the Court awarded all relief requested. For these reasons, the Court should award $402 in non-taxable costs, and the lodestar amount for attorney's fees of $39,950, for a total award of $40,352.

Respectfully submitted,

By: */s/ Michael Siegel*
Michael Siegel
mike@register2vote.org
State Bar No. 24093148
4107 Medical Parkway, #212
Austin, TX 78756
Tel: (737) 615-9044
*Lead Counsel for Plaintiff*
GROUND GAME TEXAS

SIEGEL, YEE, BRUNNER & MEHTA

By: */s/ Dan Siegel*
Dan Siegel
DanSiegel@siegelyee.com
CA State Bar No. 56400
475 14th Street, Suite 500
Oakland, CA 94612
Tel: (510) 839-1200
*Attorneys for Plaintiff*
GROUND GAME TEXAS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document has been served on the counsel for Defendants through the Court's electronic filing system:

Ysmael Fonseca
Heather Scott
GUERRA & SABO, P.L.L.C.
10213 N 10th Street
McAllen, Texas 78504
Telephone: (956) 383-4300

                                                       By:  */s/ Michael Siegel*
                                                            Michael Siegel